IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTINE FACEMYER,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>UTAH DEPARTMENT OF CORRECTIONS,<br><br>　　　　　　　Defendant. | **ORDER DENYING MS. FACEMYER'S MOTION FOR NEW TRIAL**<br><br><br>Case No. 2:05CV00396 |

　　　　Before the court is Christine Facemyer's motion for a new trial (#99).  Ms. Facemyer contends that the court erred when it admitted statements of Tiffany Twitchell-Smith that, in the view of Ms. Facemyer, were both hearsay and highly prejudicial.  The Utah Department of Corrections argues that Ms. Facemyer did not timely object to the admission of these statements, and, even if Ms. Facemyer had objected, the UDC asserts that the statements are not hearsay and their introduction into evidence was not highly prejudicial.  The court agrees with the UDC.  The court's error, if any, does not warrant a new trial because the error did not substantially and adversely affect the rights of Ms. Facemyer.  Consequently, the court DENIES the motion (#99).

## BACKGROUND

　　　　The statements at issue are found in the UDC's Exhibit A, which consists of a memorandum from Kathy Ockey to Brent Cardall, together with two attached memoranda from Tiffany Twitchell-Smith to Kathy Ockey.  The Twitchell-Smith memoranda describe a January 2004 meeting between Ms. Twitchell-Smith, Ms. Facemyer, and their supervisors Jeff MacLeod and Mike Renckert.  The attached memoranda discuss Ms. Twitchell-Smith's problems with Ms.

Facemyer and outline what Ms. Facemyer was doing to create a hostile work environment for other employees.

During the final pre-trial conference on January 22, 2007, the parties stipulated to the admission of the UDC's Exhibit A.  Ms. Facemyer argues that it declined to raise an objection to Exhibit A at the final pre-trial conference because she anticipated that the UDC would call Ms. Twitchell-Smith as a witness.  Although the UDC had listed Ms. Twitchell-Smith as a "may call" witness, it subsequently informed Ms. Facemyer that it did not plan to call her to testify at trial.  Consequently, Ms. Facemyer requested counsel for the UDC to contact Ms. Twitchell-Smith to notify her that Ms. Facemyer wished to call her as a witness.

On the first day of trial, January 29, 2007, counsel for the UDC learned that Ms. Twitchell-Smith was a member of the Utah National Guard and had been deployed to active service.  Upon learning this information, Ms. Facemyer objected to the use of Ms. Twitchell-Smith's statements.  The court denied the objection as untimely.  Ms. Facemyer has now motioned the court for a new trial based on the court's admission into evidence of Exhibit A.

## STANDARD OF REVIEW

Under Federal Rules of Civil Procedure 59(a), a court may grant a new trial "in an action in which there has been a trial by jury for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the Unites States."[1]  When addressing a Rule 59(a) motion for a new trial, the court reviews the issue in the light most favorable to the prevailing party.[2]  To prevail on her motion, Ms. Facemyer "must demonstrate trial errors which constitute

---

[1] Fed. R. Civ. P. 59(a).

[2] *See Giffin v. Strong*, 983 F.2d 1544, 1546 (10th Cir. 1993).

2

prejudicial error or that the verdict is not based on substantial evidence."[3]  "Evidence admitted in error can only be prejudicial 'if it can be reasonably concluded that with or without such evidence, there would have been a contrary result.'"[4]  The court should "ignore errors that do not affect the essential fairness of the trial."[5]

## DISCUSSION

The court finds that Ms. Facemyer has failed to demonstrate that she warrants a new trial. Not only did Ms. Facemyer fail to timely object to Exhibit A, but the statements at issue are not hearsay and the court's admission of the statements, even if such admission was erroneous, did not constitute prejudicial error or result in a verdict that was not based on substantial evidence.

1.  *Untimely Objection*

Ms. Facemyer failed to timely object to Exhibit A because her objection on January 29, 2007, came one week after the final pre-trial conference where she stipulated to the admission of the exhibit.[6]  Ms. Facemyer argues that she was excused from objecting to Exhibit A at the final pre-trial conference because she believed that the UDC was going to call Ms. Twitchell-Smith as a witness.[7]  Ms. Facemyer points to the Fourth Circuit for the proposition that a trial lawyer's

---

[3] *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983).

[4] *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1296 (10th Cir. 1998) (quoting *Hinds v. General Motors Corp.*, 988 F.2d 1039, 1049 (10th Cir. 1993)).

[5] *McDonough Power Equip., Inc., v. Greenwood*, 464 U.S. 548, 553 (1984).

[6] *See* Minute Entry dated January 22, 2007 (Docket No. 74); Minute Entry dated January 29, 2007 (Docket No. 83).

[7] Pl.'s Mem. Supp. New Trial 2-3 (Docket No. 100); Pl.'s Reply Mem. Supp. New Trial 3-4 (Docket No. 102).

duty to object in a timely fashion "need not be distorted into an engine of justice, foreclosing claims which, for good reasons, could not have been asserted earlier."[8]  Thus, Ms. Facemyer believes that her objection on January 29, 2007, was timely considering the 29th was the first day when she knew that Ms. Twitchell-Smith would be unavailable to testify.

The court is unpersuaded by Ms. Facemyer's timeliness arguments.  First, the UDC had not placed Ms. Twitchell-Smith on its "will call" witness list.  Accordingly, Ms. Facemyer assumed, at her own risk, that the UDC would call Ms. Twitchell-Smith to testify.  This belief did not somehow excuse her of the responsibility to object to Exhibit A when it was discussed at the final pre-trial conference.  Moreover, the Fourth Circuit case cited by Ms. Facemyer is not applicable because her objection to Exhibit A was "a claim" that *could* have been – and should have been – asserted at the pre-trial conference.[9]  Consequently, the court finds that Ms. Facemyer's objection to Exhibit A was untimely and the court's admission of the exhibit does not warrant a new trial.

Even if Ms. Facemyer had made a timely objection to Exhibit A, Ms. Twitchell-Smith's statements are not hearsay, and the court's admission of the exhibit did not constitute prejudicial error or result in a verdict that was not based on substantial evidence.

*2. Hearsay and Prejudice*

Ms. Twitchell-Smith's statements were admissible to show the UDC's state of mind regarding why it issued  Ms. Facemyer her first letter of warning.  Federal Rules of Evidence

---

[8] *Diapaola v. Riddle*, 581 F.2d 1111, 1114 (4th Cir. 1978) (citing *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974)).

[9] *See id.*

801(c) provides that hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[10] Ms. Facemyer argues that the Twitchell-Smith statements are inadmissible hearsay because, according to Ms. Facemyer, the statements were introduced to prove that Ms. Facemyer had a personality conflict with co-workers, especially Ms. Twitchell-Smith.  The UDC maintains that the statements were introduced to show the UDC's state of mind regarding why it issued Ms. Facemyer her first letter of warning.  Although the statements were not made by the declarant while testifying at trial, the court agrees with the UDC that the statements are not hearsay.  These statements were admissible to demonstrate the state of mind of the defendant's decision-makers Kathy Ockey and Brent Cardall, who both testified that these complaints about Ms. Facemyer led, in part, to her first letter of warning.

The court finds support for this finding in *Hardi v. Cotter*, where the court affirmed the admission of similar evidence of customer complaints because the information demonstrated the state of mind of the supervisor who fired the plaintiff.[11]  The *Hardi* court correctly commented that the employer's state of mind is "a factor of crucial importance in wrongful discharge cases."[12]

Ms. Facemyer relies heavily on the case *Sanjuan v. IBP, Inc.*, in which the Tenth Circuit reviewed the trial court's admission, over hearsay objections, of testimony from two IBP

---

[10] Fed. R. Evid. 801(c).

[11] 849 F.2d 1097, 1101 (8th Cir. 1988).

[12] *Id.*

supervisors regarding complaints by injured employees that they were allegedly mistreated.[13] The Tenth Circuit held that the statements were offered "to establish the proposition in the jury's mind that IBP in fact engaged in a pattern or practice of mistreating its employees after work-related injuries," and as such, were inadmissible hearsay.[14]  The *Sanjuan* court then found that because the record demonstrated considerable use of the disputed statements during the taking of evidence and during argument, a new trial was appropriate.[15]

      The court finds the *Sanjuan* case distinguishable from the current dispute on many grounds. First, unlike the facts in this case, there was no dispute in *Sanjuan* as to the timeliness of counsel's objection to the evidence.[16]  As was fully discussed above, Ms. Facemyer failed to make a timely objection to Exhibit A.  Second, the trial court in *Sanjuan* had admitted the evidence even though it conceded that it was "probably hearsay."[17]  There was no such concession in this case.  Third, unlike the use of the statements in *Sanjuan*, the court would not describe the use of the Twitchell-Smith statements in this case as "considerable."  Moreover, much of the potentially prejudicial portion of the statements were introduced into evidence independently by another witness, who testified that Ms. Facemyer called Twitchell-Smith names, such as "bitch."  Finally, and most important, the statements were properly admitted to show the defendant's state of mind.

---

[13] 160 F.3d 1291, 1297 (10th Cir. 1998).

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

Even if the court erred in admitting Exhibit A, Ms. Facemyer has failed to demonstrate prejudicial error.  "Evidence admitted in error can only be prejudicial 'if it can be reasonably concluded that with or without such evidence, there would have been a contrary result.'"[18]  There was no prejudice in this case because Exhibit A was by no means the sole evidence exonerating the UDC, nor does the court have reason to believe that the statements were any kind of significant factor leading to the jury verdict for the defense.[19]  The center of gravity in this case was far away from this document.  The introduction of Exhibit A did not substantially and adversely affect the rights of Ms. Facemyer.[20]

## CONCLUSION

For the reasons stated above, the court DENIES Ms. Facemyer's motion for a new trial (#99).

SO ORDERED.

DATED this 7th day of May, 2007.

BY THE COURT:

_____
Judge Paul G. Cassell
United States District Judge

---

[18] *Id.* at 1296 (quoting *Hinds v. General Motors Corp.*, 988 F.2d 1039, 1049 (10th Cir. 1993)).

[19] *See Smith v. Atlantic Richfield Co.*, 814 F.2d 1481, 1487 (10th Cir. 1987) (noting that the effect on the jury can only be prejudicial if the court reasonably concludes that with or without the evidence there would have been a contrary result).

[20] *See Sanjuan*, 160 F.3d at 1297.